HENNEN
vs.
HENNEN.

HENNEN *vs*. HENNEN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the testimony has been taken down in writing, and the record contains all the evidence, the judge must so certify, and no other statement of facts is required.

So, where either party requires the clerk to take down the testimony in writing, which shall serve as a statement of facts, the judge cannot be required to make one.

This is an application for a *mandamus.*

The defendant filed his affidavit, stating that he had called on the district judge, for the first judicial district, to make a statement of facts according to law, and that he refused : wherefore, he took a rule on said judge to show cause why a *mandamus* should not issue, compelling him to make a statement of facts.

The judge showed for cause: "That before the trial of said cause, upon the demand of the counsel of plaintiff or defendant, or of both, all the parole evidence offered in the case was taken down in writing by the clerk, under the article of the Code of Practice to that effect: that all the written evidence was noted by the clerk as it was offered by either party, as being offered in evidence : that some original records of the District Court, some of the Parish and Probate Courts, and some of the United States Court, as will appear by the minutes of evidence taken by the clerk, were offered and read in evidence, and, as I understood, by consent and agreement of parties, no objection being made.

" That under these circumstances, the undersigned considers that he is not bound by law, and cannot make any statement of facts, the case being one where the evidence is taken down by the clerk, which supersedes, dispenses with, and would render illegal any statement of facts.

" The court has stated to the appellant, that whenever, in the course of making out the record of appeal, the clerk finds it necessary to call for records other than those of this court, the court will take steps to compel the party offering such evidence, to furnish copies, or cause copies to be procured at his expense, so as to complete the record."

*Bullard, J.*, delivered the opinion of the court.

The judge of the first district shows for cause, why he should not be ordered by this court to make a statement of facts, that before the trial of the case, upon the demand of the counsel of plaintiff or defendant, or of both, all the parole evidence offered was taken down in writing by the clerk. That all the written evidence was noted by the clerk, as it was offered by either party. That some original records of the District, Parish and Probate Courts, and some of the Court of the United States, were offered and read in evidence, and, as he understood, by consent and agreement of parties, no objection being made. Under these circumstances, he conceives he is not bound by law, and cannot make any statement of facts.

71

EASTERN DIST. The Code of Practice provides, that when the depositions
February, 1837. of witnesses have not been taken in writing, the party in-
CITY BANK OF tending to appeal, must require his adversary to draw jointly
NEW-ORLEANS with him a statement of facts. If he refuse, or the parties
vs.
GIRARD BANK. cannot agree as to the manner of drawing it, the court, at
Where the tes- the request of either, shall make such statement, according to
timony has been
taken down in their recollection of the facts, or from the notes taken on the
writing, and the
record contains trial. But if the testimony produced had been taken in
all the evidence,
the judge must writing, and the record contains all the evidence, the judge
so certify, and no
other statement must so certify. *Code of Practice, articles* 586, 602, 603.
of facts is re-
quired. Either party may require the clerk to take down the
So where either testimony in writing, which shall serve as a statement of
party requires
the clerk to take facts, if the parties should not agree to one. *Code of Practice,*
down the testi- *article* 601.
mony in writing,
which shall It appears to us this is not one of the cases in which the
serve as a state-
ment of facts, judge is required to make a statement of facts.
the judge cannot
be required to Let the rule be discharged.
make one.